IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON MAURICE LEE,  )<br>  )<br>           Petitioner,  )<br>  )<br>   v.  )<br>  )<br>  )<br>A. LAMARQUE,  )<br>  )<br>           Respondent.  )<br>_____  ) | CV F 03-6855 AWI WMW HC<br><br>**FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Doc. 19] |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**PROCEDURAL HISTORY**

      On February 7, 2002, Petitioner was convicted in Madera County Superior Court of second degree burglary and resisting or deterring an officer in the performance of his duties. The court sentenced Petitioner to state prison for twenty-five years to life with the possibility of parole on count one, plus a consecutive twenty-five years to life on count two.

Petitioner filed a direct appeal from his judgment of conviction. On July 10, 2003, the California Court of Appeal for the Fifth Appellate District ("Court of Appeal") issued an unpublished decision in case no. F039958 reversing the conviction as to count two, and otherwise upholding the decision. Petitioner filed a petition for review with the California Supreme Court, which denied the petition on September 17, 2003.

Petitioner has not filed any petitions for writ of habeas corpus with the state courts. Petitioner filed the present petition for writ of habeas corpus on December 16, 2003. Although the petition originally contained an unexhausted claim, on July 12, 2004, Petitioner filed a first amended petition, deleting the unexhausted claim.

## FACTS

The court finds the Court of Appeal correctly summarized the facts in its July 10, 2003 opinion. Thus, the court adopts the factual recitations set forth by the Court of Appeal.

## STANDARD

<u>JURISDICTION</u>

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Madera County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997)

(quoting <u>Drinkard v. Johnson</u>, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on December 16, 2003, after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); <u>Lockyer v. Andrade</u>, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in <u>Van Tran v. Lindsey</u>, 212 F.3d 1143 (9th Cir. 2000)); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." <u>Lockyer</u>, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." <u>Id.</u> (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a

3

criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). When the California Supreme Court's opinion is summary in nature, however, this court "looks through" that decision and presumes it adopted the reasoning of the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

4

**DISCUSSION**

<u>Admission of Hearsay Statements</u>

Petitioner contends that the trial court erred in admitting hearsay statements of the victim, Ruiz. In making this contention, Petitioner relies on <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), in which the Court overruled <u>Ohio v. Roberts</u>, 448 U.S. 56 (1980) and held that the Confrontation Clause bars the admission of out-of-court statements by witness that are testimonial in nature unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable by the court.

In <u>Bockting v. Bayer</u>, 399 F.3d 1010 (9th Cir. 2005), the Court of Appeal for the Ninth Circuit held that the decision in <u>Crawford</u> applies retroactively. It is undisputed that Petitioner did not have a prior opportunity to cross-examine Ruiz, because the prosecution failed to find him. Accordingly, under <u>Crawford</u>, the trial court erred in admitting the hearsay statements of Ruiz at Petitioner's trial. The issue, therefore, is whether admission of these hearsay statements was harmless beyond a reasonable doubt. <u>See</u> <u>Bockting</u>, 399 F.3d at 1022.

The Court of Appeal concluded that the trial court's finding of due diligence by the government in trying to find Ruiz, the victim, was patently erroneous. Unpublished opinion in case number F039958, 5. It was this finding of due diligence that permitted the admission of the hearsay statements. Therefore, the Court of Appeal analyzed the record to determine if the error was harmless beyond a reasonable doubt, explaining as follows:

> The crux of the bystander's statement to the officer was that an adult Black male whom Ruiz did not know walked up to him, hit him in the face with his fist, and knocked him down. As he lay face down on the ground, his assailant punched him in the back of the head with a closed fist, took a wallet out of his pocket, and left. Ruiz later identified Lee as his attacker, the wallet the police showed him as his, and papers the police found on him inside the back bedroom of the nearby apartment of Lee's cousin as his. He said he was "100 percent sure" of his identification of Lee.
> Our analysis continues with the evidence of Lee's guilt entirely apart from the officer's testimony. One eyewitness, Jose M., saw a Black male take a wallet from a Hispanic male after punching him in the back of the head as he lay on the ground.

> Another eyewitness, Lee's cousin Robert Davis, saw a "Mexican guy laying on the ground" on the other side of the street and heard neighbors screaming and pointing at Lee as he ran towards Davis's apartment. Yet another eyewitness, Davis's niece, saw Lee run into Davis's apartment with a wallet, empty the wallet in the back bedroom closet, throw the wallet into her brother's bedroom, and hide in the closet of the back bedroom.
> 
> Jose M. Pointed out Davis's apartment to an officer at the scene as the place where the robber lived. Davis answered a knock at the door of his apartment and told the officer Lee was inside the back bedroom. Lee emerged from the back bedroom and told the officer, "I was hiding in the closet." Jose M. identified Lee as the robber.
> 
> After his arrest, Lee made incriminatory statements to the booking officer. "Man, this is fucked up, that Spic, mother fucker ain't even going to show up in court." "That fuckin wetback ain't never going to court." "That mother fucker won't be able to ID me, I will shave my mustache, I will grow hair on my head, that mother fucker won't be able to ID me in court if that non English speakin' bitch even shows up." "That fucker can't even talk English." The booking officer testified he never told Lee if Ruiz could speak English.
> 
> On that record of abundant evidence of Lee's guilt entirely apart from the officer's testimony about the bystander's translation of Ruiz's hearsay statements, we hold that the erroneous finding of due diligence leading to the admission of the officer's testimony was harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 18, 24; see *Lilly v. Virginia* (1999) 527 U.S. 116, 139-140 [applying *Chapman* standard of review to confrontation clause violations].)

Unpublished opinion in case number F039958, 5 - 7.

Petitioner has argued nothing to indicate that this analysis by the Court of Appeal concluding that the erroneous finding of due diligence (and impliedly the admission of the hearsay statements themselves) was harmless beyond a reasonable doubt "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). This court finds, therefore, that Petitioner has failed to make the showing necessary to support the grant of habeas corpus relief.

CALJIC No. 17.41.1

Petitioner contends that the trial court erred in instructing the jury pursuant to CALJIC 17.41.1, which instructed the jury to report to the trial court instances of juror misconduct during deliberations. Petitioner claims that the instruction improperly

6

compromises the private and necessarily uninhibited character of jury deliberations and also constitutes an "impermissible anti-nullification."  He argues that the instruction violated the jurors' right to freedom of speech and association and his own right to due process.

The Court of Appeal, relying on People v. Engelman (2002) 28 Cal.4th 436, 442-445, concluded that the instruction did not result in a violation of Petitioner's Fifth, Sixth or Fourteenth Amendment rights to due process and a fair trial.  It also found that Petitioner had cited nothing in the record showing any actual interference by CALJIC 17.41.1 with the jury's deliberative process and held that error, if any, was harmless beyond a reasonable doubt.

In Brewer v. Hall, 378 F.3d 952 (9th Cir. 2004), the Ninth Circuit rejected a claim that the trial court's use of CALJIC 17.41.1 denied the petitioner his constitutional right to a jury trial and due process because it improperly allowed the trial court to intrude into the jury's deliberations.  In addressing the Court of Appeal's rejection of this claim, the Ninth Circuit held in part: "[i]t is clear, however, that the California appellate court's holding was not contrary to or an unreasonable application of clearly established Supreme Court precedent, because no Supreme Court case establishes that an instruction such as CALJIC 17.41.1 violates an existing constitutional right." Id. at 955-56.

In light of this holding in Brewer, this court must conclude that Petitioner has failed to carry his burden of showing that the Court of Appeal's rejection of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  This court finds, therefore, that Petitioner has failed to make the showing necessary to support the grant of habeas corpus relief.

//

Cumulative Error

Petitioner contends that cumulative error in his case deprived him of his right to due process and a fair trial. He does not, however, identify which errors he is referring to. Because the sole error established before this court has been found to be harmless, Petitioner cannot show cumulative error of any kind, much less cumulative error to the degree that he was deprived of any Constitutional right. Accordingly, this claim presents no basis for habeas corpus relief.

Refusal to Dismiss Strikes

Petitioner contends that the trial court erred in refusing to dismiss any of his prior convictions or strikes because it did not have any of the facts regarding those strikes, thereby violating his right to due process. In addressing this claim, the Court of Appeal held:

> Lee argues that the lack of "meaningful information" about his criminal background made the court's refusal to strike any of his strike priors an abuse of discretion that violated his federal and state constitutional rights to due process and effective assistance of counsel. The Attorney General argues the contrary. Lee's request, the prosecutor's opposition, and the probation officer's report all set out facts about Lee and his criminal background. The court heard argument from both counsel before ruling. Apply the abuse of discretion standard of review, we hold there was no error. (*People v. Williams* (1998) 17 Cal.4th 148, 152; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504.).

Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief. Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir.1993). The misapplication of state law results in a due process violation only if the sentence is arbitrary and capricious. Richmond v. Lewis, 506 U.S. 40, 50 (1992). Petitioner has not claimed that the sentence is arbitrary and capricious. Thus, Petitioner's claim of error does not present a federal question and provides no basis for habeas corpus relief.

Imposition of Strike Based on Juvenile Conviction

Petitioner contends that the imposition of a strike based on a prior juvenile conviction sustained without a jury trial and made without a jury determination that the prior offense was a felony violated his rights under the fifth, sixth and fourteenth amendments to the

United States Constitution. Petitioner relies on Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Court held that other than the fact of the prior conviction, any fact that increases penalty for crime beyond prescribed statutory maximum must be submitted to jury and proved beyond reasonable doubt.

In rejecting this claim, the Court of Appeal held:

> Lee argues that *Apprendi v. New Jersey* (2000) 530 U.S. 466 precludes the use of his prior juvenile adjudication of robbery as a strike under the three strikes law since he had no jury at his prior juvenile adjudication. The Attorney General argues the contrary. The argument "that because a person previously tried as a juvenile had no right to a jury trial in juvenile court, the prior juvenile adjudication cannot constitutionally be treated as a prior conviction for the purpose of the Three Strikes law" has "no merit." (*People v. Bowden* (2002) 102 Cal.App.4th 387, 391; *People v. Fowler* (1999) 72 Cal.App.4th 581, 584-587.

Unpublished opinion in case number F039958, 13.

The court finds that the Court of Appeal's decision on this issue was not an unreasonable application of clearly established federal law. See Boyd v. Newland, 393 F.3d 1008, 1017 (9th Cir.2004) (holding that the "use of [a] juvenile adjudication as a sentencing enhancement was [neither] contrary to," nor did it "involve[ ] an unreasonable application of, Supreme Court precedent."). Accordingly, the court must conclude that this contention provides no basis for habeas corpus relief.

<u>Independent Review of Efforts to Locate Witness</u>

Petitioner contends that under Crawford, appellate courts should independently review a trial court's determination that the prosecution's failed efforts to locate an absent victim witness are sufficient to justify an exception to the defendant's constitutional right of confrontation. As Respondent argues, this claim is moot in light of the finding that the admission of Ruiz's statements against Petitioner was harmless. Accordingly, this contention provides no basis for habeas corpus relief.

In light of the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED and that judgment be entered for Respondent.

9

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    August 1, 2006**              **/s/  William M. Wunderlich**
mmkd34                                    UNITED STATES MAGISTRATE JUDGE