IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON MAURICE LEE,          )<br>                                                          )<br>                          Petitioner,   )<br>                                                          )<br>            v.                                          )<br>                                                          )<br> A. LAMARQUE,                            )<br>                                                          )<br>                          Respondent.  )<br>_____)  | CV F 03-6855 AWI WMW HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 19, 36] |

   Petitioner is a state prisoner proceeding pro se  with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

   On August 2, 2006, the Magistrate Judge filed findings and recommendations herein.  These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within thirty days. After receiving an extension of time, Petitioner filed objections on September 22, 2006.

   In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de novo review of this case.   See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).   Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.  As

explained by the Magistrate Judge, the improper admission of Ruiz's hearsay statements does not entitle Petitioner to habeas corpus relief if the admission of Ruiz's statement was harmless beyond a reasonable doubt. Bockting v. Bayer, 399 F.3d 1010, 1022 (9th 2005) (citing Neder v. United States, 527 U.S. 1, 15 (1999).  In light of other witnesses identifying Petitioner as the robber and linking Petitioner to the robbery, the court agrees that the state court's finding that the hearsay statements were harmless is not contrary to clearly established federal law.

In his objections Petitioner also requests that the court allow him to expand the record to raise unclear issues concerning Petitioner's mental health.   A new theory of relief cannot properly be raised in objections to Findings and Recommendations. Greenhow v. Secretary of HHS, 863 F.2d 633, 638-39 (9th Cir. 1988), *overruled on other grounds by* United States v. Hardesty, 977 F.2d 1347 (9th Cir.1992).   "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." Greenhow, 863 F.2d at 638.  In addition, any new claims concerning mental health found recently by another prisoner who has begun helping Petitioner would be unexhausted, and as such, could not entitle Petitioenr to habeas corpus relief.  See  28 U.S.C. § 2254(b)(1).

Accordingly, it is HEREBY ORDERED  that:

1. The findings and recommendations issued by the Magistrate Judge on August 2, 2006, are  adopted in full;
2. The Petition for Writ of Habeas Corpus is denied;
3. The Clerk of the Court is directed to enter  judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   January 11, 2007**              /s/ Anthony W. Ishii
0m8i78                                      UNITED STATES DISTRICT JUDGE

2