# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON MAURICE LEE,<br><br>        Petitioner,<br><br>  v.<br><br>A. LAMARQUE, Warden,<br><br>        Respondent. | CV F  03-6855 AWI WMW HC<br><br>ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY<br><br>(Document #44) |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On January 11, 2007, the court adopted the Magistrate Judge's Findings and Recommendations and, denied Petitioner's petition for writ of habeas corpus, and entered judgment was entered in favor of Respondent.  On February 16, 2007, Petitioner filed an application for a certificate of appealability, which is signed and appears to have been mailed on February 8, 2007.

    A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute is 28 U.S.C. § 2253, which provides as follows:

  (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
  (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
  (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may

```
         not be taken to the court of appeals from–
            (A) the final order in a habeas corpus proceeding in which the detention complained of
         arises out of process issued by a State court;  or
            (B) the final order in a proceeding under section 2255.
           (2) A certificate of appealability may issue under paragraph (1) only if the applicant has
         made a substantial showing of the denial of a constitutional right.
           (3) The certificate of appealability under paragraph (1) shall indicate which specific issue
         or issues satisfy the showing required by paragraph (2).
```

If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327;  Slack v. McDaniel, 529 U.S. 473, 484 (2000). While Petitioner, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 337-38.

In this case, the court finds that jurists of reason would not disagree with the court's finding that the admission of Ruiz's hearsay statements were harmless beyond a reasonable doubt.   Petitioner continues to argue that Crawford v. Washington, 541 U.S. 36 (2004), precludes a harmless error analysis on Confrontation Clause claims.    While the court finds this position unsupported by Crawford, in Whorton v. Bockting, 127 S.Ct. 1173 (2007), the Supreme Court found that Crawford was not retroactive.   As such, Ohio v. Roberts, 448 U.S. 56 (1980), applies to Confrontation Clause claims decided before the date Crawford was decided, which was March 8, 2004.   Petitioner's petition for review was denied on September 17, 2003, and his conviction became final 90 days later, on December 17, 2003.    Thus, Roberts rather than Crawford applies to this case.

Applying Roberts to this case, reasonable jurists would not disagree that the alleged Confrontation Clause violation was subject to harmless-error review.  See Coy v. Iowa, 487 U.S. 1012, 1021-22 (1988); Delaware v. Van Arsdall, 475 U.S. 673, 680-81 (1986); United States v. Bowman, 215 F.3d 951, 961 (9$^{th}$Cir. 2000); United States v. Jarrad, 754 F.2d 1451, 1457 (9th 1985).  As explained in more detail in the Findings and Recommendations, reasonable jurists would not disagree that the hearsay statements, viewed within the entirety of the case, did not

prejudice the jury's verdict.

Accordingly, the court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   March 16, 2007**                              **/s/ Anthony W. Ishii**
0m8i78                                                              UNITED STATES DISTRICT JUDGE